**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BASEM M. HUSSEIN, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-439-F |
| | ) |
| DUNCAN REGIONAL HOSPITAL, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The court has before it the amended complaint (doc. no. 6) filed by the plaintiff in response to the court's order of April 17, 2007.

This action now asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. One of the defendants, Novus Medical, LLC, is identified in the amended complaint as a limited liability company but also, contradictorily, as an Oklahoma corporation. (See amended complaint, ¶ 5.)

The Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction. *But cf.*, Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc., 415 F.3d 1158, 1162 (10th Cir. 2005) ("It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas."). However, every other circuit court that has addressed the question has determined that the citizenship of a limited liability company is the citizenship of its members. *See*, Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114,121 (4th Cir. 2004); GMAC Commer Credit LLC v.

Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004); Rolling Greens MHP v. Comcast Sch. Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003); and Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2nd Cir. 2000); *see also*, 15 James WM. Moore, Moore's Federal Practice § 102.57[8] (3d ed. 2006).

Presuming that Novus is a limited liability company, the amended complaint is insufficient to establish the court's jurisdiction because it does not allege the identity of the LLC's members or the citizenship of those members. Accordingly, when this action reaches the status conference stage, counsel for all parties should come to the conference prepared to inform the court of the jurisdictional facts.

Dated this 24th day of April, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0439p002.wpd