# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BASEM M. HUSSEIN, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-0439-F |
| | ) |
| DUNCAN REGIONAL HOSPITAL, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

"Defendant Novus Medical, L.L.C.'s Motion to Dismiss," filed August 15, 2007, is before the court. (Doc. no. 22.) The motion has been fully briefed and is ready for determination.

As a preliminary matter, the court first takes up "Plaintiff, Basem M. Hussein, M.D.'s, Motion To Strike Defendant, Novus Medical, L.L.C.'s Reply to Plaintiff's Response to Novus Medical, L.L.C.'s Motion to Dismiss," filed October 2, 2007. (Doc. no. 34.) This motion asks the court to strike defendant's reply brief, which was filed in reply to plaintiff's response brief regarding defendant's motion to dismiss. The reply brief is appropriate, and plaintiff's motion to strike is **DENIED**.

The amended complaint alleges two types of claims against Novus: a claim for intentional infliction of emotional distress (IIED), and a claim for misrepresentation or fraud. Defendant Novus moves to dismiss both claims under Rule 12(b)(6), Fed. R. Civ. P. Until recently, dismissal under Rule 12(b)(6) was appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), however, the Supreme Court prescribed a new inquiry to use in reviewing a dismissal; that inquiry is whether the claim contains enough facts to state a claim to relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, ___ F.3d ___, 2007 WL 1969681 at * 3 (10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974. In order to survive a motion to dismiss, plaintiffs must nudge their claims across the line from conceivable to plausible. Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3, quoting Bell Atlantic Corp., 127 S.Ct. at 1974. The court, in conducting its review, still assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3.[1]

### A. Intentional Infliction of Emotional Distress Claim

An IIED claim requires conduct that is extreme and outrageous. Breeden v. League Services Corporation, 575 P.2d 1374, 1376 Okla. 1978). Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id*. Generally, an IIED case is one in which the recitation of the facts to an average member of the community would arouse resentment against the actor and lead one to exclaim, "Outrageous!" *Id*. October 30, 2007Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id*.

The facts alleged by plaintiff in support of his IIED claim are that Novus knowingly and maliciously reported income to the Internal Revenue Service as paid to the plaintiff, which Novus knew, in fact, had never been paid to the plaintiff. (Doc.

---

[1]If the Bell standard is ultimately determined not to apply in all cases, but only in especially complex litigation, application of the old Conley standard in this action would not change any of the determinations stated in this order.

no. 6, ¶¶ 15, 16, 38-41.) Without pre-judging the merits of this claim in any way, it should be obvious that such a claim is approached with a certain amount of skepticism because it requires proof that Novus acted against its own interest by knowingly reporting false information to the IRS. The existence of evidence to support such a claim is not a matter before the court at this stage, however. If plaintiff is able to produce evidence showing that Novus intentionally reported false income information to the IRS regarding plaintiff's income, and that Novus did so because of its malicious intent to harm plaintiff, then a claim for intentional infliction of emotional distress is plausible. Accordingly, the court finds that it would be inappropriate to dismiss the IIED claim under Rule 12(b)(6).

Defendant also challenges the IIED claim as barred on its face by limitations, arguing that, based on the dates alleged in the pleadings and as a matter of law, the income information had to be reported to the IRS no later than February 28, 2005, but that the complaint was not filed in this action until April 16, 2007. Title 12 O. S. Supp. 2005 § 95.3 states that injuries to the rights of another not arising in contract and not otherwise covered by that statute (*i.e.*, most tort-based claims) are subject to a two-year statute of limitations. Oklahoma case law, however, indicates that this period is subject to "the discovery rule," which tolls the statute of limitations otherwise provided for in § 95. *See*, Samuel Roberts Noble Foundation, Inc. v. Vick, 840 P.2d 619, 625 (1992) (determining that a negligence claim against a builder was time-barred but stating that "the discovery rule should apply to the tort-based theory of recovery," and that "the discovery rule may be applied to toll the statute of limitations in Section 95...."). Given the liberal standard which applies to the court's

evaluation of the claims at this stage, the court finds and concludes that plaintiff's IIED claim should not be dismissed as time-barred.[2]

### B. Fraud and Misrepresentation Claim

In support of its motion to dismiss the fraud claim, defendant argues that fraud must be alleged with particularity and that plaintiff's fraud and misrepresentation claim does not satisfy this standard. *See*, Rule 9(b), Fed. R. Civ. P. (circumstances The facts alleged in support of plaintiff's fraud claim are that Novus "intentionally and with malice fraudulently reported income to the Internal Revenue Service on behalf of Dr. Basem Hussein" which Novus "knows was never paid to Dr. Basem Hussein." (Doc. no. 6, ¶¶ 44, 45.) Although these factual allegations are scant, they are specific enough to allow the court and the defendant to evaluate the viability of plaintiff's fraud claim, and the court declines to dismiss the fraud claim for lack of particularity.

Defendant also argues that certain necessary elements of a fraud claim have not been alleged, and cannot be alleged. The necessary elements of fraud are stated in McCain v. Combined Communications Corporation of Oklahoma, Inc., 975 P.2d 865 (Okla. 1999).[3] To recover on a fraud claim, a plaintiff must allege and prove: 1) that

---

[2]In his response brief, plaintiff states that he did not learn of Novus's alleged misrepresentation of his income to the IRS until September of 2006. (Doc. no. 32, pp. 4-5.) The court does not rely on this statement, because no facts regarding when plaintiff learned of the misrepresentation are included in the allegations, and the court's review is limited to the sufficiency of the pleadings. The court simply notes this statement as an indication that plaintiff likely could amend his pleadings to allege additional facts which would further support the court's conclusion that he has a plausible claim for IIED which should not be dismissed at this stage.

[3]Plaintiff relies on these elements of fraud as described in Alexander v. Smith & Nephew, P.L.C., 98 F. Supp.2d 1310, 1322 (N.D. Okla. 2000), which was primarily a products liability case involving manufacturer submissions to the FDA. Alexander somewhat abbreviates the fourth element of fraud, describing it as a requirement that the misrepresentation be made "with the intent that it be acted upon" rather than with the intent that *the plaintiff* act upon it. Alexander did not

(continued...)

the defendant made a material representation, 2) that the representation was false, 3) that the defendant knew the representation was false or made it recklessly without regard for its truth, 4) that the defendant made the representation with the intention that plaintiff act on it, and 5) that the injury was suffered by plaintiff as a result. *Id.* at 867. Defendant focuses on plaintiff's inability to allege the fourth and fifth elements, arguing that plaintiff has not alleged, and cannot allege, that Novus misrepresented plaintiff's income to the IRS with the intent that plaintiff act on that misrepresentation; and that plaintiff has not alleged, and cannot allege, that he relied to his detriment on the alleged misrepresentations by Novus to the IRS.

Plaintiff responds by arguing that the act which Novus intended plaintiff to undertake in reliance on Novus's misrepresentations to the IRS, and the action which plaintiff did undertake in reliance upon defendant's conduct, "was the act of Dr. Hussein relying on [Novus's] promise to accurately report income to the IRS." (Doc. no. 32, p. 3.) This argument is circular and conclusory; a plaintiff cannot cite the act of reliance itself as the act which he took as a result of his reliance on the misrepresentations in question.

Plaintiff further states that "Novus created a false impression in Dr. Hussein's mind that it would accurately report his income to the IRS." (Doc. no. 32, p. 3.) By this statement, and by statements indicating plaintiff's contention that "Novus intended for Dr. Hussein to rely on this agreement" (doc. no. 32, p. 3), plaintiff appears to argue that Novus intended him to rely on Novus's promise to accurately

---

[3](...continued)
focus on the fourth element, focusing instead on the causation element. The case cited in Alexander as the source of Oklahoma's statement of the elements of a fraud case, is McCain, the case cited in the text of this order. McCain makes clear that the fourth element requires a showing that defendant acted with the intent that *the plaintiff* rely and act on the misrepresentation. *See also*, Oklahoma Uniform Jury Instructions, 18.1 (fourth element of a false representation claim requires proof that the defendant made the false representation with the intention that it be acted upon by the plaintiff).

report his income, and that he did rely on Novus's promise to accurately report his income.  This may well be true, but fraud requires the plaintiff to act (or fail to act) specifically in reliance <u>on the misrepresentations</u> *per se*; reliance on a party's promises, or its agreement, or even on a party's general conduct, is not the specific type of reliance required in a fraud or misrepresentation claim.

There are no allegations that when Novus reported the income, it did so with the intent that plaintiff rely on its misrepresentations of that income to the IRS.  There are also no allegations that the plaintiff did anything (or failed to do something) as a result of plaintiff's reliance *on the incorrect information* reported by Novus to the IRS.  Plaintiff's response brief states that plaintiff did not even learn about Novus's misrepresentations to the IRS until September of 2006. (Doc. no. 32, pp. 4-5.)  Thus, plaintiff could not have acted in reliance upon the specific mis-statements until after he learned of them in September of 2006.  Furthermore, it is clear from plaintiff's theory of this case that he knew, from the time he first learned of the representations by Novus to the IRS, that those representations falsely inflated his actual income.  Therefore, plaintiff was never misled by the misrepresentations.  The types of injuries alleged in this action are also not the types of injuries which would be suffered as a result of a plaintiff's reliance *on misrepresentations* of income but are, instead, injuries that are caused by the inaccuracy of the representations themselves. (*See, e.g.*, amended complaint, ¶ 46: "Defendant Novus Medical's fraudulent report of income to the Internal Revenue Service which it knows was never paid to Dr. Hussein caused Dr. Hussein to suffer professional and personal damage to his reputation and loss of professional contracts.")

In short, while other theories of liability against Novus might be conceived of on the facts as alleged in the amended complaint or as described in plaintiff's briefing, a fraud theory of liability does not fit these facts.  Plaintiff has not, and cannot, allege

facts to support the fourth and fifth elements of a fraud claim, and leave to amend would be futile. Accordingly, plaintiff's "Fraud/Misrepresentation" claim should be dismissed to the extent that claim is alleged against Novus.

In light of the determination that plaintiff has failed to state a claim for fraud or misrepresentation, it is not necessary to address defendant's argument that the fraud claim is barred by limitations.

## Conclusion

After careful consideration of the parties' arguments,[4] the pleadings, and the law, defendant's motion to dismiss is **DENIED** in part and **GRANTED** in part. To the extent the motion asks the court to dismiss Novus from plaintiff's intentional infliction of emotional distress claim alleged in Count 4, the motion is **DENIED**, and Novus remains a defendant with respect to the IIED claim. To the extent the motion asks the court to dismiss Novus from plaintiff's fraud and misrepresentation claim alleged in Count 5, the motion is **GRANTED**, and Novus is dismissed from that claim under Rule 12(b)(6) for failure to state a claim.

Novus is **DIRECTED** to answer the allegations that remain against it, within twenty days of the date of this order.

Dated this 30th day of October, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0439p006(pub).wpd

---

[4]The court does not rely on the affidavit attached to plaintiff's response brief as review is confined to the pleadings.