**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  BASEM M. HUSSEIN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-439-F |
| ) | |
| 2.  DUNCAN REGIONAL HOSPITAL, INC. ) | *Honorable Stephen P. Friot* |
|     d/b/a DUNCAN REGIONAL HOSPITAL, ) | |
| 3.  CURTIS HOLMES, an individual and ) | |
| 4.  SCOTT STREET, an individual, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE,
OR IN THE ALTERNATIVE, EVIDENTIARY BRIEF
AS TO EVIDENCE OF DUE PROCESS OR HCQIA VIOLATIONS**

COME NOW the Defendants, Duncan Regional Hospital, Scott Street and Curtis Holmes (hereinafter "Defendants") and hereby move this Honorable Court to enter an Order in Limine prohibiting Plaintiff, Plaintiff's attorney, or anyone else from asking any question, making any statement, or introducing any evidence, directly or indirectly referencing any alleged violations of due process, the Health Care Quality Improvement Act ("HCQIA"), codified as 42 U.S.C.§ 11101 et seq., or the Oklahoma state counterpart to HCQIA, codified as 76 O.S. § 25 et seq., in the presence of the jurors or potential jurors, including questions, statements, deposition testimony, live testimony, exhibits or other evidence which is irrelevant to the causes of action at issue in this matter.

Defendants recognize that the scheduled deadline for submission of Motions in Limine has passed. However, from Defendants' review of recent filings by Plaintiff (specifically, Plaintiff's proposed jury instructions, trial brief and contribution to the Final Pretrial Report), it is apparent that Plaintiff persists in his efforts to pursue in this case certain claims that have been previously excluded by the Court. This Court has previously denied Plaintiff's attempt to add a claim for violation of due process (*See* Dkt. No. 189). Plaintiff then attempted to assert those claims in a separate action, which action was dismissed by Judge Leonard (*See* Order dated October 9, 2009 in Case No. 5:09-cv-650-L, attached hereto as Exhibit 1).[1] Now, Plaintiff's counsel is attempting to reassert those due process claims in this action, contrary to this Court's prior ruling.

Defendants will, of course, object at trial to Plaintiff's efforts to present evidence of due process violations in this action, but Defendants fear that Plaintiff's counsel will raise these claims on opening statement before Defendants can object, and at a time when the prejudicial effect of such assertions cannot be undone. Accordingly, Defendants respectfully request that the Court exercise its discretion to entertain this Motion in Limine. Alternatively, Defendants submit this authority in support of their evidentiary objection at trial to any such evidence.

---

[1] On October 19, 2009, Plaintiff filed a Motion for New Trial and Amend or Alter Judgment, or in the Alternative, Motion to Set Aside Judgment for Good Cause in that case (Dkt. No. 21). Defendants filed their Response and Objection on November 6, 2009 (Dkt. No. 22). Judge Leonard has not yet ruled on Plaintiff's motion.

Whether Plaintiff should have been afforded notice or a hearing is **not** at issue in this case, nor is Plaintiff's claim that Defendants somehow violated HCQIA, or the concomitant state statute, by failing to afford him notice or a hearing. Introduction of any evidence related to these issues would be highly prejudicial to Defendants and would only serve to waste the time of both the Court and the jury, confuse and mislead the jurors, and unduly prolong the trial of this matter with testimony and evidence that is unrelated to the claims at issue. The trial of this matter will not be delayed by the exclusion of this evidence, and excluding same will likely reduce the length of the trial considerably, without prejudicing either party. Plaintiff's ability to prove the elements of his case, which all sound in tort, are unrelated to HCQIA and due process, and any attempt to introduce evidence related to either the state or federal statutes would only confuse the jury. In support of this Motion, Defendants offer the following brief.

### ARGUMENT AND AUTHORITIES

Evidence that is not relevant is not admissible. FED. R. EVID. 402; See Also ***Reeg v. Shaughnessy***, 470 F.2d 309, 317 (10th Cir. 1978). Evidence is relevant if it legally tends to prove some matter in issue or make a proposition in issue more or less probable than it would be without the evidence. ***United States v. Williams***, 900 F.2d 823 (5th Cir. 1990). Evidence which does not prove or disprove the three causes of action the jury will be asked to determine – namely, interference with Plaintiff's prospective economic advantage, defamation and gross negligence – should be excluded.

Also pertinent is FED. R. CIV. 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This Court should accordingly exclude otherwise admissible evidence if the resulting prejudice, confusion of issues, deception of the fact-finder, or waste of time will substantially outweigh its probative value. The trial court's admission or exclusion of evidence under these rules is reviewed for an abuse of discretion. ***See Spulak v. K Mart Corp.***, 894 F.2d 1150, 1156 (10th Cir.1990). ***See also Denison v. Swaco Geolograph Co.***, 941 F.2d 1416(C.A.10 (Okl.),1991). Whether to admit or to exclude evidence is committed to the trial court's sound discretion. ***Voda v. Cordis Corp.***, 506 F.Supp 2d. 868, ***aff'd in part, vacated in part, rev'd in part*** by 536 F.3d 1311. Rulings on motions in limine are preliminary in nature and have been described as "essentially an advisory opinion by the trial court" that are properly re-urged at the time of trial. ***Wilson v. Williams***, 182 F.3d 562 (7th Cir. 1999). ***See also Green Const. Co. v. Kansas Power & Light Co.***, 1 F.3d 1005, 1013 (10th Cir. 1993).

Defendants do intend to raise objections to any testimony or evidence regarding due process and HCQIA at the time of trial. ***Christian v. Gray***, 2003 OK 10, 65 P.3d 591. Defendants request the Court enter an Order excluding the following matters for the reason stated below.

## MOTION IN LIMINE NO. 16

## ANY TESTIMONY OR EVIDENCE RELATED TO ANY ALLEGED VIOLATION OF DUE PROCESS OR HCQIA

The causes of action pled by Plaintiff in this matter are intentional interference with prospective economic advantage, defamation and gross negligence. None of these causes of action are based upon any alleged violation of due process or HCQIA. The elements Plaintiff must prove to support his three tort claims are all unrelated to any due process or HCQIA violation. However, Plaintiff has persisted in his efforts to introduce evidence of these alleged violations, even though those claims are not before this Court. Plaintiff previously tried to amend his Complaint to add a claim for due process, which was denied by this Court on April 20, 2009. *See* Dkt. No. 189. Plaintiff then filed a separate action in the Western District (Case No. 09-650-L) alleging violation of due process and breach of contract, which was dismissed by Judge Leonard on October 9, 2009. *See* Order attached as Exhibit 1.[2]

Plaintiff's portion of the parties Final Pretrial Report has lengthy references to alleged violations of due process. Plaintiff's Trial Brief similarly makes lengthy references to violations of due process and tries to insinuate that those violations are relevant to this case. Plaintiff's Proposed Jury Instruction No. 22 deals with issues solely related to violations of due process and HCQIA. No evidence related to the due process

---

[2] As set forth above, Plaintiff has recently filed a Motion for New Trial in that case, which has not yet been ruled upon.

and HCQIA violations are germane to the claims to be tried in this case and should be excluded as irrelevant. If this Court decides that the alleged violations are somehow relevant, the evidence should still be excluded based on Rule 403, in that the prejudicial effect of such evidence would greatly outweigh its probative value.

Based on Plaintiff's portion of the Final Pretrial Report, Defendants anticipate that opposing counsel plans to make statements to the jury in his opening remarks about the requirements of federal and state law to afford notice and a hearing prior to reports being submitted to the National Practitioner Data Bank ("NPDB"). However, Plaintiff's interpretation of both state and federal law is flawed, since neither *requires* notice and a hearing prior to submitting a report to the NPDB. Instead, HCQIA and the similar Oklahoma statute provide a "safe harbor" that entitles reporting entities to *immunity* from suit, if certain procedural safeguards (*e.g.* notice and an opportunity to be heard) have been afforded. If Plaintiff is allowed to make references to violations of state or federal law, Defendants will be greatly prejudiced in their defense of this matter.

Plaintiff has listed attorney Linda Scoggins as a witness in this matter to testify regarding her "expertise in peer review process" as well as "knowledge of state and federal law requiring due process prior to entry of event, and Defendants' duty to follow such rules for physicians." *See* list of Plaintiff's witnesses at p. 49 of the Final Pretrial Report filed herein on October 29, 2009 (Dkt. 326). Plaintiff's counsel has previously represented, in correspondence and in court filings, that Ms. Scoggins will testify

regarding Duncan Regional Hospital's failure to provide due process to physicians other than Dr. Hussein.

Counsel has further indicated he intends to elicit testimony from a number of other witnesses about the alleged violations of due process and HCQIA.[3] However, the issue of due process is not relevant to the issues that are ripe for jury determination. This Court is well aware of the complexities of federal regulations. Testimony and evidence regarding these issues will require a great deal of time, and none of these issues are relevant to the claims at issue. None of Plaintiff's Oklahoma law tort claims are premised upon a violation of state or federal law. Exclusion of this evidence and testimony will conserve valuable judicial resources, without restricting Plaintiff's ability to prosecute his case.

Defendants also anticipate that Plaintiff will call a number of witnesses to testify that Plaintiff's due process rights were violated prior to Defendants reporting his actions to the NPDB. Specifically, Plaintiff indicates that defense witnesses are expected to testify that Defendants acted "without following proper state and federal procedures" (Christy Green, listed as witness number 1 in Plaintiff's portion of the Final Pretrial Report, at p. 49); "efforts to make DRH staff and employees aware of health care laws, and lack of notice to Plaintiff" (Scott Street, listed as witness number 18 in Plaintiff's

---

[3] Plaintiff's Witness List indicates that Christy Green, Scott Street and Melissa Walker will also be asked questions about due process issues, including but not limited to the Hospital's alleged failure to comply with state and federal law.

portion of the Final Pretrial Report, at p. 55); and "the fact that Dr. Hussein was supposed to receive due process per the Hospital's procedural requirements" (Melissa Walker, listed as witness number 32 in Plaintiff's portion of the Final Pretrial Report, at p. 55). Defendants further anticipate that Plaintiff may attempt to elicit testimony regarding due process from physicians called to testify on behalf of Dr. Hussein.

This type of testimony is irrelevant to the claims at issue in this matter and would not only serve to waste time at trial, but would be highly prejudicial to Defendants. Whether or not Plaintiff's due process rights were violated is simply not an issue in this case. None of Plaintiff's state law tort claims require that he establish a violation of due process to meet his burden of proof. In reliance upon the Court's prior ruling on due process issues in this case, Defendants have not prepared their case to address these issues at trial, and would be highly prejudiced by the assertion of such a claim in the presence of the jury. Defendants believe that the exclusion of this evidence will not only streamline the trial of this matter but will also simplify the issues and evidence for the jury, without prejudicing Plaintiff's ability to prosecute his case.

WHEREFORE, Defendants Duncan Regional Hospital, Scott Street and Curtis Holmes respectfully request that the Court enter its Order that none of the evidence set forth above be admitted or referenced during the trial of this matter.

                            FOLIART, HUFF, OTTAWAY & BOTTOM

                            By   /s/ Denise D. Canada
                                 Glen D. Huff - OBA #4449
                                 Denise D. Canada - OBA #16818
                                 Gregg J. Lytle - OBA #20759
                                 201 Robert S. Kerr Avenue, 12th Floor
                                 Oklahoma City, Oklahoma 73102
                                 Telephone: (405) 232-4633
                                 Facsimile: (405) 232-3462

                            ATTORNEYS FOR DEFENDANTS DUNCAN
                            REGIONAL HOSPITAL, CURTIS HOLMES and
                            SCOTT STREET

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 13th day of November, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Alexander L. Bednar
BEDNAR LAW FIRM
204 North Robinson Avenue, Suite 800
Oklahoma City, Oklahoma 73012

*Attorneys for Plaintiff*

                                          /s/ Denise D. Canada
                                       Denise D. Canada